# EXHIBIT 1

COPY

IN THE STATE COURT OF ATHENS-CLARKE COUNTY
STATE OF GEORGIA

FILED IN
CLERK'S OFFICE
SUPERIOR/STATE COURT

2014 MAY 30  AM 9: 19

BEVERLY LOGAN, CLERK
CLARKE COUNTY, GEORGIA

| | |
|---|---|
| REGERO SAMPSON,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARKE COUNTY SCHOOL DISTRICT,<br>CLARKE COUNTY BOARD OF<br>EDUCATION, IN THEIR OFFICIAL<br>CAPACITY: DR. DENISE A. SPANGLER<br>VERNON PAYNE, LINDA E. DAVIS,<br>CARL PARKS, SARAH F. ELLIS, CHARLES<br>WORTHY, CAROL S. WILLIAMS, DAVID<br>HUFF, AND OVITA THORNTON; SHELLY<br>GOODMAN AND ANGIE MOON DE ALVIA,<br>IN THEIR OFFICIAL AND INDIVIDUAL<br>CAPACITIES,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action File No. ___ DOCKET INITIALS

$5714 CV 0193$

## VERIFIED COMPLAINT

Plaintiff, REGERO SAMPSON, by and through his undersigned counsel, files this Verified

Complaint against Defendants,   CLARKE COUNTY SCHOOL DISTRICT, CLARKE COUNTY

BOARD OF EDUCATION, IN THEIR OFFICIAL CAPACITY, SHELLY GOODMAN AND ANGIE

MOON DE ALVIA, IN THEIR  OFFICIAL AND INDIVIDUAL CAPACITIES,  showing this Honorable

Court the following:

THE PARTIES

1.

Plaintiff is an individual resident and citizen of the State of Georgia, and, thus, submits himself to

the jurisdiction of this Court for any and all purposes related to or rising from this action.

2.

Defendant, CLARKE COUNTY SCHOOL DISTRICT, ("CCSD"), is a   public school district in

Clarke County, Georgia, USA, based in Athens, Georgia with the capacity to sue and be sued.  CCSD

may be served with service of process by serving upon Ms. Lynn Duke, Clarke County School District,

Director of Human Resources, 240 Mitchell Bridge Road, Athens, Georgia 30606.

3.

Defendant, CLARKE COUNTY BOARD OF EDUCATION ("BOE"), is the official governing body for the Clarke County School District with the capacity to sue and be sued.  The BOE may be served with service of process by serving upon Charles Worthy, President BOE at 120 Melbourne Drive, Athens, Georgia 30606.

4.

Defendant, SHELLY GOODMAN is a current and/or former employee of the Office of Early Learning and Special Education, who at all relevant times, was acting under the color of law. Defendant Goodman is being sued in her individual capacity and official capacity as the Office of Early Learning ("OEL") director of Special Education.  Service of Process may be made by personally serving Defendant Goodman at 110 N. Rainsong Road, Dalton, GA 30720-8044.

5.

Defendant, ANGIE MOON DE ALVIA, is a current and/or former employee of the Office of Early Learning, who at all relevant times was acting under the color of law.  Defendant Moon de Alvia is being sued in her individual capacity and official capacity as the Office of Early Learning ("OEL") coordinator.  Service of Process may be made by personally serving Defendant Moon de Alvia at her place of business located at 122 Austin Ct., Athens, GA 30606.

6.

On or about February 21, 2014,  Plaintiff timely caused a written Ante Litem Notice to be served upon the proper officers, agents, and employees of Defendant CLARKE COUNTY SCHOOL DISTRICT AND THE CLARKE COUNTY BOARD OF EDUCATION pursuant to O.C.G.A. § 36-11-1.

7.

Plaintiff has complied with all conditions precedent for bringing this suit.

JURISDICTION AND VENUE

8.

Venue is proper in Clarke County pursuant to O.C.G.A. § 14-2-510.

9.

This Court has jurisdiction over this case pursuant to O.C.G.A § 15-7-4, in that this is a civil action without regard to the amount in controversy, and which exclusive jurisdiction is not vested in the superior courts.

STATEMENT OF FACTS

10.

Plaintiff was an employe at the Clarke County School District as an Early Head Start Family Engagement Community Partnership Manager.

11.

On April 10, 2013, plaintiff inquired about the policy of Clarke County employees concerning exempt employees as to overtime or flex time due to inconsistent treatment by similarly situated employees.

12.

Plaintiff's inquiry was followed with a response from Angie Moon de Alvia, who stated that he was not eligible.  Plaintiff then requested to talk with Dr. Shelly Goodman, the OEL Director of Special Education.

13.

Following his inquiry on April 10, 2013, around May 1, 2013, Plaintiff was riffed when the Board approved a Reduction in Force plan eliminating an Early Head Start Family Engagement Manager position at the Office of Early Learning.  Prior to and at the time of the riff, other positions were vacated.

14.

On May 8, 2013, Plaintiff met with Ernest Hardaway, Interim Assistant Superintendent of Human Resources and Lynn Duke, Executive Director of Human Resources and Information Services due to allegations that Plaintiff threatened to jump on and beat two female employees, Dr. Shelly Goodman and Angie Moon de Alvia.

15.

Upon finishing their investigation, Plaintiff was asked to report to Dr. Norris Price in Instructional Services and asked not to return to the Office of Early Learning, despite the fact that no confirmation of the alleged threats was made and no criminal allegations were pursued.

16.

The Policy Council of Head Start/Early Head Start Clarke County School District also confirmed that there were deceptive business and financial practices done by Angie Moon de Avila which lowered the morale of the employees of the Head Start/Early Head Start Program, and even named Plaintiff as a potential Assistant Co-coordinator of Head Start/Early Head Start, to take effect immediately.

COUNT I:  WHISTLE BLOWING STATUTE

17.

Plaintiff hereby incorporates herein by reference paragraph 1 through 16 of this complaint.

18.

When hired by Angie Moon De Alvia, the Early Start Coordinator, the plaintiff was hired for the term of five years.

19.

On April 10, 2013, Plaintiff inquired about the policy of Clarke County employees concerning exempt employees as to overtime or flex time due to inconsistent treatment by similarly situated employees.

20.

The plaintiff spoke out about the unfair treatment of employees and no overtime payment.

21.

The plaintiff complained about the refusal of the board and his immediate supervisor to pay him overtime.

22.

The plaintiff was never compensated for the overtime he worked, nor was he given some flex time.

23.

The plaintiff shows that the defendant violated O.C.G.A. § 45-1-4 by not paying him overtime and retaliating against him when he complained by terminating him.

24.

The plaintiff was terminated on June 30, 2013 by the Board of Education.

25.

The plaintiff shows that the defendant School District refused to set up a unified policy to address overtime for its employees and follow labor laws.

26.

The plaintiff shows that he was retaliated against with termination for requesting that the overtime issue be addressed.

COUNT I:  WRONGFUL TERMINATION

27.

Plaintiff hereby incorporates herein by reference paragraph 1 through 26 of this complaint.

28.

When hired by Angie Moon De Alvia, the Early Start Coordinator, the plaintiff was hired for the term of five years.

29.

After looking into the actions of Moon De Avila, due to the inquiries made by Plaintiff, the Policy Counsel of Head Start/Early Head Start Clarke County School District removed Moon De Avila as co-coordinator of the Clarke County Start/Early Head Start program and asked that Plaintiff be named the Assistant Co-Coordinator of Start/Early Head Start immediately.

30.

After the Policy Council recommended Plaintiff for the position of Assistant Coordinator of the Early Head Start Program, and the Defendant Board refused to respond and act on their recommendation.

COUNT II:  DEFAMATION/SLANDER

31.

Plaintiff hereby incorporates herein by reference paragraph 1 through 30 of this complaint.

32.

Defendants herein, their respective agents, employees, and representatives have publically made non-privileged and false statements regarding Plaintiff in regards to interactions with Defendants Moon de Avila and Goodman.

33.

Specifically, Defendants Moon de Avila and Goodman made statements of a stigmatizing nature about Plaintiff and publically announced that Plaintiff threatened to jump on and beat them, which is a criminal act of terroristic threats, O.C.G.A 16-11-37.

34.

Upon investigation, no confirmation of the alleged threats was made, and no criminal allegations were pursued, even though plaintiff was accused of a crime.

35.

Defendants Moon de Avila and Goodman's false statements were made with malic and specific intent to damage Plaintiff's reputation, particularly in the field of education and public relations, effectively preventing Plaintiff from obtaining future employment.

36.

Defendants' false and malicious statements were published to third parties.

37.

As a direct result of Defendants' conduct, Plaintiff has incurred damages, including, but not limited to, compensatory damages, pain and suffering, loss of wages, loss of future wages, loss of employment benefits and humiliation.

38.

PRAYER FOR RELIEF

WHEREFORE, as a result of the violations by Defendant, Plaintiff demands:

a) Trial by jury;

b) Full reinstatement, promotions, pay, including interest, bonuses, including interests and other benefits;

c) General and actual damages;

d) Liquidated damages;

e) All other damages allowed by law;

f) Reasonable attorney's fees, reasonable expert witness fees, cost and expenses of litigation; and

g) Such other and future relief as the Court shall deem just and proper.

Respectfully submitted this 25ᵗ day of _April_, 2014

John M. Clark
Attorney for Plaintiff
Bar No. 127369

P.O. Box 752
Elberton, Georgia 30635
Phone: (706) 283-9732
Fax: (706) 213-0045

STATE OF GEORGIA

CLARKE COUNTY

### VERIFICATION

Personally appeared before the undersigned, an officer duly authorized to administer oaths

appeared REGERO SAMPSON, who after being duly sworn, deposes and says that the facts alleged

in the foregoing are true and correct.

REGERO SAMPSON

Sworn to and subscribed before me

This 25 day of April, 2014

NOTARY PUBLIC, State-at-Large

Commission Expires: 5-16-2015

Date Signed: April 25 2014

SUMMONS                          SC-85-1                          Clyde Casteberry Co., Covington, GA. 30015

# IN THE SUPERIOR/STATE COURT OF ___ATHENS-CLARKE___ COUNTY

## STATE OF GEORGIA

Regero Sampson

CIVIL ACTION
NUMBER ___ST 14CV0193___

_____

_____ **PLAINTIFF**

VS.

Clarke County School District, et al.

_____

_____ **DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John M. Clark
P. O. Box 752
Elberton, GA 30635

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _30_ day of ___May___, 20 _14_.

Clerk of Superior/State Court

BY _Rana Jone_ _____

_____ Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____

Date Filed _____

| | Superior Court | ☐ | Magistrate Court | ☐ |
|---|---|---|---|---|
| | State Court | ☒ | Probate Court | ☐ |
| | Juvenile Court | ☐ | | |

Georgia, __Athens-Clarke__ COUNTY

Attorney's Address

John R. Clark
P. O. Box 752
Elberton, GA 03636

Plaintiff

VS.

Name and Address of Party to be Served.

Clarke County School District
c/o Mr. Lynn Duke
240 Mitchell Bridge Road

Athens, GA 30606

Clarke County School District, etal
in their official
capacity: D. Denise A. Spangler,
Vernon Payne, Linda F. Davis, Carl
Parks, Sarah F. Ellis, Charles Defendant
Worthy, Carol S. Williams, David
Huff, & Ovita Thornton; Shelly
Goodman & Angie Moon De Alvia,
in their offical & individual
capacit                               Garnishee

Defandant

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant Lynn Duke _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 14.

_____
DEPUTY

SHERIFF DOCKET_____ PAGE _____

SUMMONS                          SC-89-1                        Clyde Castleberry Co., Covington, GA 30015

# IN THE SUPERIOR/STATE COURT OF ___ATHENS-CLARKE___ COUNTY

## STATE OF GEORGIA

Regero Sampson                    CIVIL ACTION
                                  NUMBER ___ST 14 CV0193___

_____

_____          **PLAINTIFF**

                     VS.

Clarke County School District, et al.

_____

_____          **DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> John M. Clark
> P. O. Box 752
> Elberton, GA 30635

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 30 day of May, 20 14.

Clerk of Superior/State Court

BY _Rara Jones_
                                         Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SHERIFF'S ENTRY OF SERVICE          SC-85-2                    CLYDE CASTLEBERRY CO, COVINGTON, GA 300

| | |
|---|---|
| Civil Action No. _KT 14 C 0193_ | Superior Court ☐   Magistrate Court ☐ |
| | State Court ☒   Probate Court ☐ |
| Date Filed _5 30 14_ | Juvenile Court ☐ |

Georgia, _Athens-Clarke_ COUNTY

Regero Sampson

_____

**Attorney's Address**

_____ **Plaintiff**

John M. Clark
P. O. Box 752
Elberton, GA 30635

VS.

Clarke County School District, et a.
Clarke County BOE in theirofficial
capacity: Dr. Denise A. Spangler,
Vernon Payne, Linda F. Davis, Carl
Parks, Sarah F. Ellis, Charles **Defendant**
Worthy, Carol S. Williams, David
Huff, Ovita Thornton; Shelly
Goodman & Angie Moon De Alvia,
in their official & individual
capacity **Garnishee**

**Name and Address of Party to be Served.**

Angie Moon De Alvia  _AVILA_

122 Austin Ct.

Athens; 30606

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _ANGIE MOON De AVILA_ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _12th_ day of _JUNE_ , 20 _14_ .

_Sgt Hagan_

**DEPUTY**

SHERIFF DOCKET _____ PAGE _____

COPY

IN THE STATE COURT OF ATHENS-CLARKE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGERO SAMPSON,<br>　　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| | ) | Civil Action File No. |
| CLARKE COUNTY SCHOOL DISTRICT,<br>CLARKE COUNTY BOARD OF<br>EDUCATION, IN THEIR OFFICIAL<br>CAPACITY: DR. DENISE A. SPANGLER<br>VERNON PAYNE, LINDA E. DAVIS,<br>CARL PARKS, SARAH F. ELLIS, CHARLES<br>WORTHY, CAROL S. WILLIAMS, DAVID<br>HUFF, AND OVITA THORNTON; SHELLY<br>GOODMAN AND ANGIE MOON DE ALVIA,<br>IN THEIR OFFICIAL AND INDIVIDUAL<br>CAPACITIES,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | _____ |

## INTERROGATORIES

Comes Now Plaintiff and pursuant to O.C.G.A. § 9-11-35, requires the Defendant to answer under oath the following Interrogatories within thirty (30) days from the date of service hereof and serve a copy of the answers on counsel of Plaintiff at the office of John M. Clark, Attorney at Law, P.O. Box 752, Elberton, Georgia 30635.

*NOTE A:* The term "Defendant", "you", and any synonym thereof is intended to and shall embrace the above named Defendant and all your agents, attorneys, representatives, accountants, and others who may have or who may be able to obtain information on your behalf.

*NOTE B:* According to the rules of the Georgia Civil Practice Act, O.C.G.A. 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a

continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. 9-11-26(e) as amended.

*NOTE C:* Whenever in these Interrogatories you are requested to identify a person, you should identify each person by the person's full name, complete address, and telephone number for each such person.

*NOTE D:* Whenever in these Interrogatories you are requested to identify an account such as a bank account, investment account, loan account, credit card account, or savings account, you should identify the account by the account number, the person or entity in whose name the account is maintained (i.e. "ANGIE MOON DE ALVIA" ) and the full name and address of the institution at which the account is maintained.

*NOTE E:* Whenever in these Interrogatories you are requested to identify a stock or other security, you should include in your answer the full name of the institution or corporation issuing the security, the number of shares or other units, and the type of security (i.e. common stock, preferred stock, etc.) in addition to any other information which you consider to be necessary identifying information for the stock or security.

*NOTE F:* Whenever in these Interrogatories you are requested to identify a bond, negotiable instrument, treasury bill, certificate of deposit, or other interest bearing asset, you should include the full name of the institution issuing the bond or other such asset, the face amount, the number of units, the annual interest rate, and the date on which the instrument matures.

*NOTE G:* Whenever in these Interrogatories, you are requested to identify real property,

please give a complete address of the property or, if any address is unavailable, any other information necessary to identify the location of the property, including but not limited to land lot number, district, county and state.

## INTERROGATORIES TO DEFENDANT

### 1.

Please state the full and correct name of the Defendant's corporate entity, the date on which incorporated, the state of incorporation, the names and addresses of all officers, and when the corporation was licensed to do business in the State of Georgia.  If Defendant is not a Georgia Corporation, please identify the state and date of incorporation.  If Defendant is not a corporation, and is not a business entity organized under the laws of Georgia, identify the state and nature of the business organization of Defendant.

### 2.

Please state whether, on or about what date you entered into an employment relationship with Plaintiff.

### 3.

If your answer to interrogatory 2 was yes, please set forth the date the plaintiff was hired.

### 4.

If your answer to interrogatory 2 was yes, please set forth the Plaintiff's job title and duties.

### 5.

If the answer to interrogatory 2 was yes, please set forth Plaintiff's rate of pay.

### 6.

If your answer to interrogatory 2 was yes, please identify any person who witnessed the hiring.

### 7.

If your answer to interrogatory 2 was yes, please identify each writing related to the hiring.

8.

If your answer to interrogatory number 2 was yes, please identify the present custodian of each writing relating to the hiring.

9.

Please identify each person who participated in the decision to hire the Plaintiff.

10.

For each person identified in your response to interrogatory 10, please set forth his or her job description at the time that Plaintiff was hired, the nature of his or her participation in the decision to hire the Plaintiff, and each writing relating to that person's participation in the decision to hire Plaintiff.

11.

At the time that Plaintiff was hired, did you make any statements to Plaintiff regarding the security of Plaintiff's position.

12.

At the time that Plaintiff was hired, did you make any statements to Plaintiff regarding the duration of Plaintiff's position.  If so, please set forth each and every statement you made; identify each person who has knowledge relating to that statement, and please identity each writing relating to that statement.

13.

Please state whether, at the time Plaintiff was hired, there was in effect a manual setting forth your procedures and policies, If yes, pleas set forth the date that such policy/procedure manual was created.

14.

Please state whether, following the date that Plaintiff was hired, you published a policy/procedure manual setting forth employment policies.

15.

If there exist a policy/procedure manual, do you deny that the performance criteria set forth in the policy manual constitute objective criteria which, if satisfied by plaintiff, precluded the termination of Plaintiff's employment?

16.

Please state whether there are writings that provide for the policy on disciplinary procedures for the Clarke County School District and its employees.  If so, please identify any writing related to such procedures.

17.

Please set forth each and every reason the Plaintiff's employment was terminated.

18.

Please set forth each and every fact you considered in deciding to terminate Plaintiff's employment.

19.

Please identify each and every person who participated in the decision to terminate plaintiff's employment, setting forth the manner in which each person participated in the decision to terminate Plaintiff, the date that the person's participation occurred, any writing relating to that person's participation in the decision to terminate Plaintiff's employment.

20.

Please set forth every reason communicated to Plaintiff for the termination of Plaintiff's employment, the facts that supported that reason for termination, and every  person who witnessed the fact.

21.

Do you contend that the termination of Plaintiff's employment was necessitated by the need to reduce your work force?  If so, please set forth the reason necessitating the reduction of

your work force, identify the person who participated in the decision to reduce your work force, and any writing related to the decision to reduce your work force.

22.

Do you contend that the reduction in your work force was necessitated by economic considerations? If so, pleas set forth each economic consideration that necessitated the reduction in your work force, identify each person who participated in the evaluation of each economic consideration, and identify each writing relating to the economic consideration.

23.

In determining to reduce your work force, did you apply any specific criteria to determine the priority in which employees would be discharged? If so, please identify each criterion, whether there was writing, and any person who participated in the establishment of the criteria.

24.

Please state all persons who spoke with Plaintiff regarding his inquiry into the Clarke County policy concerning exempt employees to overtime or flex time.

25.

Please state the all person involved in the investigation regarding the alleged threats made by the Plaintiff to Defendant Shelly Goodman and Defendant Angie Moon de Alvia, stating their specific participation in the investigation.

26.

Please state the facts surrounding the alleged threats made by the Plaintiff to Defendant Shelly Goodman and Defendant Angie Moon de Alvia, stating their specific participation in the investigation, including when and where the alleged threats took place.

27.

Please state the reasons for refusing to respond or act on the recommendation of the Policy Counsel of Head Start/Early Head Start Clarke County School District to name Plaintiff as the Assistant Co-Coordinator of Start/Early Head Start. In answering, please include all persons

involved in the decision and their specific participation to the decision go against the recommendation of the Policy Counsel.

This _25_ day of _April_ 2014.

John M. Clark
Attorney for Plaintiff
Bar No. 127369

P. O. Box 752
Elberton, GA 30635
706/283-9732

COPY

## IN THE STATE COURT OF ATHENS-CLARKE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **REGERO SAMPSON,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action File No.** |
| **CLARKE COUNTY SCHOOL DISTRICT,** ) | |
| **CLARKE COUNTY BOARD OF** ) | _____ |
| **EDUCATION IN THEIR OFFICIAL** ) | |
| **CAPACITY: DR. DENISE A. SPANGLER,** ) | |
| **VERNON PAYNE, LINDA E. DAVIS,** ) | |
| **CARL PARKS, SARAH F. ELLIS, CHARLES** ) | |
| **WORTHY, CAROL S. WILLIAMS, DAVID** ) | |
| **HUFF and OVITA THORNTON; SHELLY** ) | |
| **GOODMAN AND ANGIE MOON DE ALVIA** ) | |
| **IN THEIR OFFICIAL AND INDIVIDUAL** ) | |
| **CAPACITIES,** ) | |
| **Defendants.** ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the provisions of O.C.G.A. § 9-11-34, you are requested to produce the following

documents within thirty (30) days after service hereof to Plaintiff's attorney at his office located

at 8 N. Oliver Street, P.O. Box 752, Elberton GA 30635, where facilities are available for

copying.  You are also hereby give notice pursuant to O.C.G.A. § 24-10-26, to produce the

following documents at any hearing, trial or the taking of any deposition of any party in the

above-styled case relative to the above-styled matter as follows:

1.

All copies of employment contracts/agreements or writings related to hiring of the Plaintiff

between the Plaintiff and Defendant School District.

2.

All copies of documents pertaining to the security and/or duration of the Plaintiff's

employment.

### 3.

All copies of the policy/procedure pertaining performance criteria for Plaintiff's employment position.

### 4.

All copies of the disciplinary procedure of Clarke County School District.

### 5.

All copies of any writings and other documents relating to the decision to terminate Plaintiff's employment.

### 6.

All writings and other documents related to the decision to reduce your work force.

### 7.

All writings and other documents relating to the economic consideration to reduce the work force.

### 8.

All documents on employee overtime and flex time.

### 9.

All documents pertaining to the allegation and investigation of the alleged threats made by Plaintiff to Defendants Moon de Avila and Goodman.

### 10.

All documents, videos, pictures or other documentation not specifically mentioned in this request that may be pertinent to the litigation.

SATISFACTION of the above may be accomplished by mailing copies of such records to

John M. Clark, P.O. Box 752, Elberton, GA 30635, within thirty (30) days of service of these

documents.

This _20___ day of ___may___ 2014.

                                       John M. Clark
                                       Attorney for Plaintiff
                                       Bar No. 127369

P. O. Box 752
Elberton, GA 30635
706/283-9732

IN THE STATE COURT OF ATHENS-CLARKE COUNTY
STATE OF GEORGIA

REGERO SAMPSON,                                    )
     Plaintiff,                                   )
                                       )
     v.                                             )
                                       )   Civil Action File No.
CLARKE COUNTY SCHOOL DISTRICT,    )
CLARKE COUNTY BOARD OF            )
EDUCATION, IN THEIR OFFICIAL      )   _____
CAPACITY: DR. DENISE A. SPANGLER  )
VERNON PAYNE, LINDA E. DAVIS,     )
CARL PARKS, SARAH F. ELLIS, CHARLES )
WORTHY, CAROL S. WILLIAMS, DAVID  )
HUFF, AND OVITA THORNTON; SHELLY  )
GOODMAN AND ANGIE MOON DE ALVIA, )
IN THEIR OFFICIAL AND INDIVIDUAL  )
CAPACITIES,                       )
     Defendants.                                  )

## PLAINTIFF'S REQUEST FOR ADMISSIONS

Comes Now Plaintiff and pursuant to O.C.G.A. § 9-11-35, requires the Defendant to

make the following admissions for the purpose of this lawsuit within thirty (30) days from the

date of service hereof and serve a copy of the answers on counsel of Plaintiff at the office of

John M. Clark, Attorney at Law, P.O. Box 752, Elberton, Georgia 30635.

### ADMISSIONS

1.

Do you admit or deny that Plaintiff was employed as an Early Head Start Family

Engagement Community Partnership Manger for the Clarke County School District?

2.

Do you admit or deny that on April 10, 2013 Plaintiff inquired about the Clarke County

policy concerning exempt employees as to overtime or flex time pay due to inconsistent treatment

by similarly situated employees?

3.

Do you admit or deny that Angie Moon de Alvia told the Plaintiff that he was not eligible for

overtime or flex time?

4.

Do you admit or deny that Plaintiff requested a meeting with Dr. Shelly Goodman, the OEL Director of Special Education?

5.

Do you admit or deny that around May 1, 2013, Plaintiff was riffed when the Board approved a Reduction in Force plan eliminating an Early Head Start Family Engagement Manager position at the Office of Early Learning?

6.

Do you admit or deny that the allegations made by Dr. Shelly Goodman and Angie Moon de Avila that claimed Plaintiff threatened to attack them were never reported to the police or any other law enforcement authority?

7.

Do you admit or deny that the Policy Counsel of Head Start/Early Head Start Clarke County School District confirmed that Angie Moon de Avila engaged in deceptive business and financial practices?

8.

Do you admit or deny that the Policy Counsel of Head Start/Early Head Start Clarke County School District recommended Plaintiff as a potential Assistant Co-coordinator of Head Start/Early Head Start?

9.

Do you admit or deny that when Angie Moon De Avila hired Plaintiff, it was for a term of five years?

10.

Do you admit or deny that Plaintiff was never paid overtime or given some flex time?

11.

Do you admit or deny that Plaintiff was terminated on June 30, 2013?

This _20__ day of _MAY_ 2014.

John M. Clark
Attorney for Plaintiff
Bar No. 127369

P. O. Box 752
Elberton, GA 30635
706/283-9732