## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| REGERO SAMPSON, | : | |
| | : | |
|     Plaintiff, | : | |
| v. | : | |
| | : | No. 3:14-CV-62 (CAR) |
| CLARKE COUNTY SCHOOL | : | |
| DISTRICT; CLARKE COUNTY | : | |
| BOARD OF EDUCATION, in their | : | |
| Official Capacity: DR. DENISE A. | : | |
| SPANGLER, VERNON PAYNE, | : | |
| LINDA E. DAVIS, CARL PARKS, | : | |
| SARAH F. ELLIS, CHARLES | : | |
| WORTHY, CAROL S. WILLIAMS, | : | |
| DAVID HUFF, OVITA THORNTON, | : | |
| SHELLY GOODMAN, and | : | |
| ANGIE MOON DE AVILA, | : | |
| in their Individual and Official | : | |
| Capacities, | : | |
| | : | |
|     Defendants. | : | |
| _____ | : | |

## ORDER ON MOTION TO REMAND

This matter comes before the Court on Plaintiff Regero Sampson's Motion to Remand [Doc. 4]. All of the above-named Defendants have responded and oppose the Motion. Having considered the Motion, the response thereto, and the applicable law, Plaintiff's Motion to Remand is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of the circumstances surrounding Plaintiff's previous employment with the Clarke County School District as an Early Head Start Family Engagement Community Partnership Manager.  During the course of his employment, Plaintiff alleges that he complained to his supervisor about not receiving flex time and overtime pay to which he was entitled under applicable labor laws.  Because of his complaints, he was retaliated against and wrongfully terminated by the Board of Education.

Based on these events, Plaintiff filed suit in the State Court of Athens-Clarke County, Georgia on May 30, 2014, raising claims for wrongful termination in violation of Georgia's Whistleblower Act, O.C.G.A. § 45-1-4 ("GWA") and defamation.  On July 2, 2014, Defendants removed the case to this Court pursuant to the Court's federal question jurisdiction, contending that Plaintiff also asserts a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Plaintiff now moves to remand the case to state court on the ground that the Court lacks subject matter jurisdiction.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and only have the power to hear cases that they have been authorized to hear by the United States Constitution or the United States Congress.[1]  Federal district courts have jurisdiction over two primary

---

[1] *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).

types of cases: (1) those involving a federal question and (2) civil actions in which diversity of citizenship exists.[2]   The burden lies with the party seeking removal to establish federal subject matter jurisdiction.[3]   If the removing party fails to meet that burden, the Court should remand the case back to state court.[4]   Moreover, when determining whether the removing party has met the burden of establishing federal jurisdiction, "[a]ny doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court."[5]

## DISCUSSION

In their Notice of Removal, Defendants seek to invoke the Court's federal question jurisdiction.  Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States."[6]   "A case 'aris[es] under' federal law . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[7]   Whether a particular cause of action involves a federal question is judged by the "well-pleaded complaint" rule, which requires that a

---

[2] 28 U.S.C. §§ 1331, 1332(a).

[3] *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).

[4] 28 U.S.C. § 1447(c).

[5] *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

[6] 28 U.S.C. § 1331.

[7] *Empire Healthchoice Assurance, Inc. v. Mcveigh*, 547 U.S. 677, 689-90 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

claim asserting a federal question must be present on the face of a plaintiff's complaint for federal question jurisdiction to attach.[8]

Defendants argue that the Court has federal question jurisdiction over this case because Plaintiff seeks recovery for a violation of FLSA.  In this regard, Plaintiff alleges that Defendant never compensated him for overtime, and "[D]efendant violated [the GWA] by not paying him overtime and retaliating against him when he complained by terminating him."[9]  Plaintiff further requests an award of "liquidated damages" as part of the relief he seeks.[10]  Defendants acknowledge that Plaintiff does not specifically cite to FLSA in the Complaint, but nevertheless argue that Plaintiff raises a FLSA claim because he requests overtime pay and liquidated damages—damages that are only available under FLSA, not his state law claims.  The Court, however, is unpersuaded by Defendants' arguments.

Plaintiff's allegations regarding Defendant's refusal to pay overtime in violation of FLSA do not give rise to a FLSA claim.  Instead, these allegations support an element of his GWA claim.  To state a claim under the GWA, an employee must allege that his employer retaliated against him "for disclosing a violation of or noncompliance with a law, rule or regulation."[11]  Disclosing a potential violation of a federal law, such as

---

[8] *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).
[9] Compl. ¶¶ 22-23 [Doc. 1-1].
[10] *Id.* at ¶ 38.
[11] O.C.G.A. § 45-1-4(d)(2).

FLSA, can provide the basis for a GWA claim.[12]   Here, Plaintiff alleges that Defendants failed to pay him overtime, he complained, and Defendants retaliated against him. Plaintiff primarily seeks redress for the alleged retaliation in response to his complaints about the overtime policy, not the overtime pay itself.   The GWA provides the proper remedy for this injury.   Because FLSA merely relates to one element of the state law claim, no federal claim exists on the face of the Complaint.

Even though the Complaint does not raise an independent FLSA claim, the Supreme Court has held that district courts may still exercise jurisdiction when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[13]   In order to determine whether a disputed federal question is "substantial," courts should consider factors such as whether the federal issue involves a question of law or fact and whether resolution of the federal issue would be dispositive of the case and controlling in other cases.[14] Defendants have not addressed any substantiality factors, and, therefore, the Court has no basis upon which to determine whether a substantial disputed issue under federal law exists in this case.   Moreover, even when a state whistleblower claim is based on disclosure of a federal law violation, this fact alone is insufficient to support subject

---

[12] "Law, rule or regulation" within the meaning of the GWA refers to "any <u>federal</u>, state, or local statute or ordinance, or any rule or regulation adopted according to any <u>federal</u>, state, or local statute or ordinance." *Id.* at (a)(2) (emphasis added).

[13] *Grable & Sons Metal Products, Inc. v. Darue Eng'g Mfg.*, 545 U.S. 308, 314 (2005).

[14] *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700-01 (2006).

matter jurisdiction without a showing that the disputed federal issue is substantial.[15]

Furthermore, the Court is unconvinced that Plaintiff's boilerplate request for liquidated damages somehow gives rise to a claim under FLSA. Defendants have cited no authority for this proposition, and it is not the province of this Court to research and litigate arguments on their behalf. To the extent that these damages are not available under the applicable state law, this issue is best reserved for the state court to determine on remand.[16]

In addition to remand, Plaintiff requests that the Court award reasonable costs and attorney's fees incurred by filing the instant Motion. 28 U.S.C. § 1447(c) grants district courts the authority on remand to impose costs and expenses, including attorney's fees, on the removing party after remand. The decision, however, is a matter within the Court's discretion.[17] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis

---

[15] *See Meyer v. Health Mgmt. Assocs. Inc.*, 841 F. Supp. 2d 1262, 1268 (S.D. Fla. 2012) (finding that violation of Florida whistleblower statute based on Medicare fraud did not involve a substantial disputed issue of federal law); *see also Hernandez v. Publix Super Markets, Inc.*, -- F. Supp. 2d -- , 14-20491-CIV, 2014 WL 1379141, at *5 (S.D. Fla. Apr. 9, 2014) (holding that even if the plaintiff was required to prove an actual violation of federal law to prevail on Florida whistleblower claim, no substantial federal issue existed because "Defendants did not what the cited federal laws and regulations state or require.").

[16] *See Anziulewicz v. Bluefield Cmty. Hosp., Inc.*, 531 F. Supp. 49, 51 (S.D. W. Va. 1981) (remanding case involving state antitrust claims even though issue existed as to whether plaintiff's request for injunctive relief was available under state law, reasoning that "[i]f plaintiff has sought relief which is unavailable to him under the state statutory provisions, this Court is confident that a state court will simply deny his request for injunctive relief.").

[17] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

exists, fees should be denied."[18]  Because the Complaint references violations of federal law as an element of the state law claim, the Court cannot conclude that removal was objectively unreasonable.  Thus, Plaintiff's request for an award of costs and attorney's fees is denied.

Based on the foregoing, Plaintiff's Motion to Remand [Doc. 4] is **GRANTED**, and the Clerk of Court is **DIRECTED** to **REMAND** this action to the State Court of Athens-Clarke County.

**SO ORDERED,** this 4th day of October, 2014.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

ADP/ssh

---

[18] *Id.* at 141.